IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

KEITH E. KIRBY,

        Plaintiff,

v.                                                                          CIVIL ACTION NO.: 3:21-cv-00145

RES-CARE, INC., a Kentucky corporation,

        Defendant.

## COMPLAINT

1. The plaintiff, Keith E. Kirby, brings this action against the defendant for its discriminatory actions against the plaintiff.

## PARTIES

2. The plaintiff, Keith E. Kirby, was at all times relevant herein, a resident of Cabell County, West Virginia.

3. The defendant, Res-Care, Inc., is a Kentucky corporation whose principal place of business is at Louisville, Kentucky, and at all times relevant herein was doing business in Cabell County, West Virginia.

## FACTS

4. The plaintiff, Keith E. Kirby, was employed by the defendant corporation from approximately September 1, 2018 until November 13, 2020.

5. During his employment, the plaintiff, Keith E. Kirby, consistently performed his duties in a satisfactory manner and met the reasonable expectations of his employer.

6. During his employment with the defendant, the plaintiff, Keith E. Kirby, on numerous occasions, voiced concerns to supervisors of the defendant corporation about patient care. These complaints included the following:

> The plaintiff made numerous entries of "safety hazards" in books kept about the care of patients. These "safety hazards" included, but are not limited to, the need for pressure pad alarms, the need for floor alarms, the need for new mattresses because the mattresses in use had been soaked in urine, the need for properly fitted clothing for the patients, understaffing, employees being forced to work 24-30 hours at a time, improper food supplied for patients and co-employees using illegal drugs on the job site.

7. The defendant took no effective action to remedy these complaints.

8. In either late July or early August of 2020, representatives of the Office of Health Facility Licensure and Verification of the West Virginia Department of Health and Human Resources (OHFLAC) visited the plaintiff's worksite. The plaintiff spoke with the OHFLAC representatives and informed them of numerous patient safety issues, including: a patient named "Matthew" who had suffered a broken hand, but the injury was not reported to OHFLAC; a patient named "Lisa" who needed a shower chair, but was not provided with it; and the fact that the plaintiff had performed the Heimlich Maneuver on "Lisa", but this incident had not been reported to OFLAC.

9.      Management for the defendant asked the plaintiff on the day he met with the OFLAC representatives what he discussed.

10.     OFLAC repeatedly called the plaintiff, Keith E. Kirby, after this aforementioned meeting to learn more about patient safety issues at the worksite. The plaintiff, Keith E. Kirby, consistently answered OFLAC's questions truthfully.

11.     The plaintiff, Keith E. Kirby, informed the defendant's supervisors that he was in contact with OFLAC.

12.     The plaintiff, Keith E. Kirby, warned that "Lisa" needed adequate padding because she was a fall risk. The adequate padding was not provided by the defendant.

13.     On approximately October 22, 2020, the plaintiff, Keith E. Kirby, was suspended. During the suspension meeting on October 22, 2020, one of the plaintiff's supervisors asked him what he had been speaking to OFLAC about.

14.     After an investigation, the plaintiff, Keith E. Kirby, was cleared of any wrongdoing and was awarded back pay. On November 2, 2020, the plaintiff, Keith E. Kirby, returned to work.

15.     At the end of his shift on November 3, 2020, just two days after returning from the suspension (for which he was cleared of all wrongdoing), the plaintiff, Keith E. Kirby, was suspended again.

16.     On November 4, 2020, the plaintiff, Keith E. Kirby, again contacted OFLAC and told them more information about "Lisa". "Lisa" had fallen and suffered a severe injury.

17.     On or about November 4, 2020, the plaintiff, Keith E. Kirby, contacted "Lisa's" family. The plaintiff informed "Lisa's" parents that their daughter was severely injured, hospitalized and dying.

18.     Shortly thereafter, "Lisa" died.

19. The defendant quickly retaliated against the plaintiff, Keith E. Kirby, by maliciously and willfully terminating his employment with the defendant.

## COUNT ONE

20. Defendant's actions constituted unlawful retaliatory discharge motivated by issues in violation of the substantial public policy of the State of West Virginia as articulated in the decision of the West Virginia Supreme Court of Appeals in Harless v. First National Bank in Fairmont, 162 W. Va. 116, 246 S.E.2d 270 (1978). This public policy claim is based upon The Patient Safety Act, W. Va. Code §16-39-1, et seq., and the public policies contained therein, and other public policies related to patient care cited in the statutes, regulations and common law of West Virginia. Additionally, the defendant terminated the plaintiff's employment, in whole or in part, because the Plaintiff provided truthful information to an investigator from OHFLAC, in violation of a substantial public policy of the State of West Virginia. See Kanagy v. Fiesta Salons, Inc., 541 S.E.2d 616 (W. Va. 2000).

21. As a direct and proximate result of the aforesaid actions, the plaintiff has suffered, and will continue to suffer, lost wages and benefits in an amount to be proven at trial.

22. As a direct and proximate result of the defendant's actions, the plaintiff is entitled to damages for indignity, embarrassment and humiliation in an amount to be determined by the jury.

23. Defendant's actions were willful, wanton and/or undertaken with reckless disregard and/or reckless indifference to the rights of the plaintiff entitling the plaintiff to punitive damages in an amount to be determined by the jury.

24. The actions of the defendant were willful and malicious, entitling the plaintiff to attorney fees and costs.

## COUNT TWO

25. The defendant's actions were a violation of The Patient Safety Act, W.Va. Code §16-39-1, et seq., in that the defendant retaliated against the plaintiff by changing the conditions of the plaintiff's employment and/or terminating the plaintiff's employment because the plaintiff made good faith reports about instances of wrongdoing and/or waste and/or the plaintiff advocated on behalf of a patient or patients with respect to the care, services or conditions of the defendant.

26. As a direct and proximate result of the aforesaid actions, the plaintiff has suffered, and will continue to suffer, lost wages and benefits in an amount to be proven at trial.

27. As a direct and proximate result of the defendant's actions, the plaintiff is entitled to damages for annoyance, inconvenience, indignity, embarrassment and humiliation in an amount to be determined by the jury.

28. Defendant's actions were willful, wanton and/or undertaken with reckless disregard and/or reckless indifference to the rights of the plaintiff entitling the plaintiff to punitive damages against the defendant in an amount to be determined by the jury.

29. The actions of the defendant were willful and malicious, entitling the plaintiff to attorney fees and costs.

30. The plaintiff is also entitled to an award of attorney fees pursuant to West Virginia Code §16-39-6(b).

WHEREFORE, the plaintiff prays for the following relief:

1. Damages set forth in this Complaint, including lost wages and benefits, back pay, front pay, damages for indignity, embarrassment and humiliation, and punitive damages in an amount to be determined by the jury;

2. Prejudgment interest as provided by law;

3. Attorney fees and costs; and

4. Such further relief as this court may deem just and equitable.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES TRIABLE TO A JURY.

                                                 KEITH E. KIRBY  
                                                 By Counsel

*/s/ Mark A. Atkinson*  
WVSB #184  
ATKINSON & POLAK, PLLC  
P.O. Box 549  
Charleston, WV  25322-0549  
(304) 346-5100  
emboles@amplaw.com