IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

KEITH E. KIRBY,

    Plaintiff,

v.                                                                          Civil Action No. 3:21-cv-00145

RES-CARE, INC., a Kentucky Corporation,

    Defendant.

### ANSWER TO PLAINTIFF'S COMPLAINT

For its Answer to Plaintiff Keith E. Kirby's ("Plaintiff") Complaint, the Defendant Res-Care, Inc. ("Res-Care") states as follows:

1. Paragraph 1 of Plaintiff's Complaint is a conclusory statement that makes no factual allegations against Res-Care and thus requires no response. To the extent a response is required, Res-Care denies that it engaged in any discriminatory or unlawful actions against Plaintiff.

2. Res-Care is without information or knowledge sufficient to admit or deny the allegations in Paragraph 2 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

3. Res-Care admits that it is a Kentucky corporation with its principal place of business in Louisville, Kentucky. Res-Care admits that it has done business in West Virginia and that its subsidiary, VOCA Corporation of West Virginia, Inc., was doing business in Cabell County, West Virginia, during the period relevant to this civil action.

4. Res-Care admits that Plaintiff's employment was terminated on November 13, 2020. Plaintiff's employment began on October 1, 2018 rather than September 1, 2018.

5. Res-Care denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Res-Care admits that on multiple occasions, Plaintiff noted issues he described as "safety," safety issue," or "safety hazard" on the subject resident's progress notes. The notes primarily stated a need for additional padding in the resident's room, but also referenced other issues. Except as otherwise stated in response to other allegations in the Complaint, Res-Care is without information or knowledge sufficient to admit or deny whether Plaintiff voiced any such concerns other than in progress notes and therefore denies the same and demands strict proof thereof. Res-Care denies the remaining allegations in Paragraph 6 of Plaintiff's Complaint.

7. Res-Care denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Res-Care admits that one or more representatives of OHFLAC visited Plaintiff's place of employment but believes the time frame referenced by Plaintiff may be inaccurate. Upon information and belief, Res-Care admits that Plaintiff communicated with OHFLAC about certain resident issues and further states that OHFLAC's Summary of Statement of Deficiencies for a survey completed on October 22, 2020, references such communications. Res-Care is without information or knowledge sufficient to admit or deny the specific content of such communications and therefore denies the same and demands strict proof thereof.

9. Based in part on Plaintiff's failure to identify the person or persons with whom he communicated, Res-Care is without information or knowledge sufficient to form a believe as to the truth of the allegations in Paragraph 9 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

10. Res-Care is without information or knowledge sufficient to form a believe as to the truth of the allegations in Paragraph 10 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

11. Based in part on Plaintiff's failure to identify the person or persons with whom he communicated, Res-Care is without information or knowledge sufficient to form a believe as to the truth of the allegations in Paragraph 11 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

12. Res-Care admits that Plaintiff noted that the subject resident needed additional padding. Res-Care denies the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Res-Care admits that Plaintiff was suspended and placed on administrative leave but denies that this action occurred on October 22, 2020. Plaintiff was first suspended and placed on administrative leave on November 2, 2020. He was returned to work and then suspended and placed on administrative leave again on November 4, 2020. Based in part on Plaintiff's failure to identify the person or persons with whom he communicated, Res-Care is without information or knowledge sufficient to form a believe as to the truth of the remaining allegations in Paragraph 13 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

14. Res-Care admits that Plaintiff was paid for the brief time period between his initial suspension and his termination. Res-Care denies the remaining allegations in Paragraph 14 of Plaintiff's Complaint.

15. Res-Care admits that at or about the date and time alleged in Paragraph 15 of Plaintiff's Complaint, Plaintiff was placed on suspension and administrative leave for a second

time. The second suspension was documented on November 4, 2020. Res-Care denies the remaining allegations in Paragraph 15 of Plaintiff's Complaint.

16. Res-Care is without information or knowledge sufficient to form a believe as to the truth of the allegations in Paragraph 16 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

17. Res-Care is without information or knowledge sufficient to form a believe as to the truth of the allegations in Paragraph 17 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

18. Res-Care admits that the subject resident to which Plaintiff refers died shortly after November 4, 2020.

19. Res-Care denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

## COUNT I

20. Res-Care denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Res-Care denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Res-Care denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Res-Care denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Res-Care denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

## COUNT II

25. Res-Care denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Res-Care denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Res-Care denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Res-Care denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Res-Care denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Res-Care denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Res-Care denies each and every allegation contained in Plaintiff's Complaint not expressly and specifically admitted herein.

32. Res-Care denies that it engaged in any unlawful conduct toward Plaintiff and denies that it is liable to Plaintiff in any amount.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's claims and/or damages are barred or limited to the extent he has failed to mitigate his damages.

2. Plaintiff's employment termination was not unlawful because Plaintiff's employment was terminated for legitimate and non-discriminatory reasons.

3. Plaintiff is not entitled to punitive damages under the applicable West Virginia statutes and controlling case law, including but not limited to *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 155 L.Ed.2d 585 (2003).

4. Plaintiff's claim for punitive damages is barred by the Equal Protection and Due Process Clauses of the Fourteenth Amendment, the Due Process and Double Jeopardy Clauses of the Fifth Amendment, the Excessive Fines Clause of the Eighth Amendment, the Privileges and Immunities Clause, the Contract Clause of Article I, Section 10, the Commerce Clause of Article

I, Section 8 of the United States Constitution and the corresponding sections of the relevant state Constitutions.

5. Plaintiff's claims are barred by the doctrines of estoppel and unclean hands.

6. Res-Care reserves the right to assert other defenses and claims when and if it becomes appropriate during this civil action.

**WHEREFORE**, Defendant, Res-Care, Inc. respectfully requests that the Complaint be dismissed with prejudice, that judgment be entered for Res-Care and against Plaintiff, and that Res-Care be granted any and all other relief as the Court may deem necessary and proper.

        RES-CARE, INC.

        By Counsel:

        /s/*R. Booth Goodwin II*
        R. Booth Goodwin II (WV Bar No. 7165)
        J. David Fenwick (WV Bar No. 6029)
        GOODWIN & GOODWIN, LLP
        300 Summers Street, Suite 1500
        Charleston, WV  25301
        Tel: (304) 346-7000

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

KEITH E. KIRBY,

    Plaintiff,

v.                                            Civil Action No. 3:21-cv-00145

RES-CARE, INC., a Kentucky Corporation,

    Defendant.

## **CERTIFICATE OF SERVICE**

I, R. Booth Goodwin II, hereby certify that a true and correct copy of the foregoing **ANSWER TO PLAINTIFF'S COMPLAINT** has on the 2nd day of April, 2021, been served upon the parties hereto via the Court's electronic filing system, CM/ECF, upon the following:

Mark A. Atkinson
Atkinson & Polak, PLLC
P.O. Box 549
Charleston, WV 25322-0549
T: (304) 346-5100

                                                    */s/R. Booth Goodwin II*
                                                    R. Booth Goodwin II (WVSB #7165)