IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**KEITH E. KIRBY,**

    Plaintiff,

v.                                                             Civil Action No. 3:21-cv-00145

**RES-CARE, INC.**, a Kentucky Corporation,

    Defendant.

## RES-CARE, INC.'S NOTICE TO COURT OF SETTLEMENT AND NOTICE TO COURT OF WITHDRAWAL OF PENDING MOTION AND EXHIBITS

    Yesterday afternoon, Plaintiff Keith Kirby and Defendant Res-Care, Inc. reached a settlement agreement in principle, concluding weeks of good-faith negotiations between counsel. The parties will submit appropriate dismissal filings to the Court in the very near future once the settlement is finalized and executed. The parties are notifying the Court immediately so that the Court may cancel any pending deadlines.

    Appurtenant to that settlement, Res-Care hereby withdraws as moot its pending Motion for Summary Judgment (ECF No. 34) and all exhibits and briefing submitted in support. This settlement and withdrawal, in turn, moots Buzzfeed, Inc.'s Motions to Intervene and Unseal (ECF Nos. 53–56). This development is not just a procedural hurdle to Buzzfeed's requests: It substantively undermines the grounds for public access. With no dispositive decisions made by or pending before the Court, Buzzfeed's arguments to obtain previously-sealed but now-withdrawn records fail as a matter of law. As another district court in this Circuit ruled, there are no common law or First Amendment rights to public access when the motion in question is withdrawn and never used as a basis for a court decision: "Because the motion and brief were withdrawn . . . they were never acted on or relied on or considered by this Court; accordingly, they are not 'judicial

records.'" *BASF Plant Sci., L.P. v. Commonwealth Sci. & Indus. Rsch. Org.*, No. 2:17-CV-503, 2019 U.S. Dist. LEXIS 228276, at *31–32 (E.D. Va. Aug. 15, 2019) (citing *United States v. Applebaum (In re: U.S. for an Order Pursuant to 18 U.S.C. § 2703(d))*, 707 F.3d 283, 290–91 (4th Cir. 2013)).[1] In doing so, the district court used the Fourth Circuit's definition: "[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." *Applebaum*, 707 F.3d at 290. "Therefore," the district court ruled, "there is no common law right or First Amendment right of access" to withdrawn documents. *BASF*, 2019 U.S. Dist. at *32.

The same reasoning applies here and moots Buzzfeed's pending motions because the videos in question have played no role in the adjudicative process, have not helped adjudicate substantive rights, and are therefore not judicial records. *Id.* ("For a right of access to a document to exist under either the First Amendment or the common law, the document must be a 'judicial record.'" (quoting *Applebaum*, 707 F.3d at 290)). With the settlement and withdrawal, there is no "substitute for a trial," as Buzzfeed argues, and thus no First Amendment requirement for public access. ECF 56 at 6 (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988)). As for the common law, these are not "judicial records" in the first instance, as explained in *BASF* and *Applebaum*.[2]

---

[1] Buzzfeed's own cases further prove this point. The Fourth Circuit directs a court to make the sealing "determination at the time it *grants* a summary judgment motion"—not before, and certainly not when no decision will ever be reached. *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) (emphasis added); *see also Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004) (same). *Co. Doe. v. Public Citizen* also related to a *grant* of a summary judgment. *See, e.g.*, 749 F.3d 246, 267. *Richmond Newspapers v. Virginia* went one step further and related to a murder trial. 448 U.S. 555, 561–62 (1980). *Baxley v. Jividen* didn't relate to summary judgment or a trial, but rather injunctive relief—something this Court found sufficient to trigger the First Amendment concerns otherwise implicated by trial or "a substitute for trial." 3:18-1526, 2020 U.S. Dist. LEXIS 71881, at *8 & *6 (S.D. W. Va. Apr. 23, 2020) (quoting *Rushford*).

[2] No additional analysis is needed, but the video of LS's restraint certainly meets the "countervailing interests" and "compelling governmental interests" standards as well. ECF No. 56 at 5–7 (quoting *Rushford*

Accordingly, Buzzfeed's Motions to Intervene and Unseal Court Records should be denied.

**RES-CARE, INC.,**

By counsel,

*/s/ Lucas R. White*
R. Booth Goodwin II (W. Va. Bar No. 7165)
J. David Fenwick (W. Va. Bar No. 6029)
Lucas R. White (W. Va. Bar No. 12501)
GOODWIN & GOODWIN LLP
300 Summers Street, Suite 1500
Charleston, WV 25301
T: (304) 346-7000
F: (304) 344-9692
rbg@goodwingoodwin.com
jdf@goodwingoodwin.com
lrw@goodwingoodwin.com

---

and *Co. Doe*). It shows an incapacitated adult struggling against an illegal restraint. As the Court already found in its Order Granting Defendant's Motion to Seal, "[t]hese videos should be sealed in order to protect LS's and her family's privacy interests and to ensure compliance with the Health Insurance Portability and Accountability Act of 1996." ECF No. 37. The Court further found that any right of public access was adequately protected by the public release of the substance of Res-Care's motion for summary judgment, which contained descriptions of the contents of the videos. Indeed, Buzzfeed *quoted* those descriptions at length in its own motions. Release of the actual videos would add nothing more to the public interest. And disclosure would only invade the privacy and HIPAA rights of an incapacitated individual without so much as a valid waiver (only the unspecified and insufficient "family support" unilaterally argued by Buzzfeed without any documentation). Release of the videos to Buzzfeed would not remotely enhance the public's understanding of this event; the public already has access to the information in the videos based on the descriptions in the summary judgment motion. The only conceivable purpose behind Buzzfeed's efforts is "promoting public scandals," which is, in turn, a prohibited countervailing interest, as Buzzfeed's motion describes. ECF No. 56 at 7 (quoting *Baxley*). Buzzfeed's motions generally make zero attempt to actually grapple with the core findings of the Court's order sealing these videos in the first place. *Compare* ECF No. 37 *with* ECF Nos. 53–56. In any event, all such substantive considerations are now moot, as the motion and the video exhibits have been withdrawn by Res-Care appurtenant to the settlement. To the extent that the Court deems it necessary for Res-Care to respond to Buzzfeed's Motions after the settlement and withdrawal, Res-Care submits this Notice as its Response to those Motions.

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT HUNTINGTON

**KEITH E. KIRBY,**

    Plaintiff,

v.                                                        Civil Action No. 3:21-cv-00145

**RES-CARE, INC.**, a Kentucky Corporation,

    Defendant.

### CERTIFICATE OF SERVICE

    I, Lucas R. White, hereby certify that I served a true and correct copy of the foregoing **Res-Care, Inc.'s Notice to Court of Settlement and Notice to Court of Withdrawal of Pending Motions and Exhibits** upon the following counsel of record on February 3, 2022 via the Court's CM/ECF system.

Mark A. Atkinson
ATKINSON & POLAK, PLLC
P.O. Box 549
Charleston, WV 25322-0549
*Counsel for Plaintiff*

Michael B. Hissam
Max C. Gottlieb
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV 25339
*Counsel for Buzzfeed Inc.*

                                                      */s/ Lucas R. White*
                                                      Lucas R. White (W. Va. Bar No. 12501)