IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

KEITH KIRBY,

                Plaintiff,

v.                                    CIVIL ACTION NO.  3:21-0145

RES-CARE, INC., a Kentucky corporation,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Buzzfeed Inc.'s ("Buzzfeed") Motion for Leave to Intervene (ECF No. 53) and Buzzfeed's Motion to Unseal Court Records (ECF No. 55). Buzzfeed seeks to intervene for the limited purpose of unsealing three exhibits. For the reasons herein, the Court **GRANTS** the Motions.

**I. FACTUAL BACKGROUND**

Defendant Res-Care is a company operating residential care facilities across the country. Plaintiff Keith Kirby was employed by Res-Care at a facility in Cabell County as a direct service professional, providing care for people with physical and mental disabilities. Pl.'s Depo. at 12-13, ECF No. 34-1. Plaintiff was suspended twice and ultimately terminated. *See* Compl. ¶¶ 13-16, 19, ECF No. 1. Plaintiff alleged that he was terminated in retaliation for communicating concerns over patient safety at his facility to the Office of Health Facility Licensure and Verification of the West Virginia Department of Health and Human Resources ("OHFLAC"). *See e.g., id.* Specifically, many of his concerns surrounded patient L.S., who needed adequate padding in her room because she was a fall risk. *Id.* ¶ 12. Ultimately, L.S. sustained injuries which led to her death. *Id.* ¶¶ 16-18.

While litigating this case, Defendant did not dispute, of course, that Plaintiff was fired. However, Defendant argued that Plaintiff was fired for cause, when it discovered that Plaintiff and a coworker had abused patient L.S. *See* Def.'s Mot. for Summ. Judgment at 1, ECF No. 34. Defendant filed a memorandum and several exhibits to support its contention that Plaintiff was fired for cause, including three video recordings evidencing the abuse. *See* Def.'s Mem. in Supp. at 2-5. Exhibit F1 shows Plaintiff and a coworker returning patient L.S. to her room at 6:58 a.m. *See* Def.'s Mem. in Supp. at 3-4, ECF No. 35; Ex. F1, ECF No. 34-6. Exhibit F2 shows Plaintiff and the same coworker exiting the room at 7:02 a.m. *Id.*; Ex. F2, ECF No. 34-7. According to Defendant, when the day shift workers came into L.S.'s room, they found her "wrapped in a blanket 'like a burrito' from the shoulders down to her waist." Def.'s Mem. in Supp. at 4. Additionally, "[s]he could not move her arms and was kicking her legs." *Id*. "Pillows surrounded LS's head and a large bean bag loomed above her that could have fallen on her face and suffocated her." *Id*. When the next staff member to enter L.S.'s room witnessed this, she summoned her fellow employees to the room, and one of them took a video documenting L.S. in the physical restraint, which is Exhibit H. *See id.*; Ex. H, ECF No. 34-9. Taken together then, these three videos allegedly showed that patient L.S. was improperly restrained and that Plaintiff and his coworker were the wrongdoers.

When Defendant filed its Motion for Summary Judgment and accompanying Memorandum, it moved to file these three exhibits under seal. Motion to Seal, ECF No. 33. This Court granted the Motion finding that sealing these exhibits would best protect L.S. and her family's privacy rights and ensure compliance with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), that redaction was impractical, and public rights of access were adequately protected because the text of the motion discussed the sealed videos. *See* Order

Granting Defendant's Motion to Seal, ECF No. 37. A few months later, Buzzfeed moved for leave to intervene and unseal the three video recordings. Motion to Intervene and Motion to Unseal, ECF Nos. 53, 55. Two days later, Defendant filed a notice, noting that the underlying case had been settled and withdrawing the pending motion for summary judgment and accompanying exhibits. *See* Def.'s Notice of Settlement and Notice of Withdrawal of Pending Motion and Exhibits, ECF No. 59. Buzzfeed filed its replies to this notice. *See* Reply to Motion to Intervene, Reply to Motion to Unseal ECF Nos. 61, 62. The Motions are briefed and ready for resolution.

## II. DISCUSSION

A. Intervention

Buzzfeed asks this Court to grant it permissive intervention in this action under Rule 24(b). As explained below, the Court concludes intervention is appropriate in this case.

"[L]iberal intervention is desirable to dispose of as much of a controversy 'involving as many apparently concerned persons as is compatible with efficiency and due process.'" *Feller v. Brock,* 802 F.2d 722, 729 (4th Cir. 1986) (citing *Nuesse v. Camp,* 385 F.2d 694, 700 (D.C. Cir. 1967)). Rule 24 provides two avenues for non-parties to timely intervene in an ongoing suit. Fed. R. Civ. P. 24. Under Rule 24(a)(2), a non-party may intervene as a matter of right if it can demonstrate "an interest in the subject matter of the action; [ ] that the protection of this interest would be impaired because of the action; and [ ] that the applicant's interest is not adequately represented by existing parties to the litigation." *Stuart v. Huff,* 706 F.3d 345, 349 (4th Cir. 2013) (quoting *Teague v. Bakker,* 931 F.2d 259, 260–61 (4th Cir. 1991)).

When intervention of right is not warranted, a court may nevertheless grant permissive intervention under Rule 24(b) if the nonparty has a claim or defense that shares a common question of law or fact with the main action. Fed. R. Civ. P. 24(b). In considering permissive intervention,

the court must ask 'whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.'" *Stuart,* 706 F.3d at 349 (quoting Fed. R. Civ. P. 24(b)(3). District courts enjoy wide discretion in deciding whether to grant permissive intervention. *See Smith v. Pennington*, 352 F.3d 884, 892 (4th Cir. 2003). Further, permissive intervention is an appropriate method for a nonparty to seek access to protected or sealed documents. *See In re Grand Jury Subpoena*, 836 F.2d 1468, 1470 (4th Cir. 1988).

Based on law in this Circuit, Buzzfeed's intervention as a media organization for the limited purpose of unsealing certain exhibits is appropriate. *See Doe v. Pub. Citizen*, 749 F.3d 246, 262 (4th Cir. 2014) (noting that the Fourth Circuit "has previously permitted news organizations to intervene in actions in which they were not otherwise parties to challenge a district court's sealing order.") (citing *Stone v. Univ. of Md. Med. Sys. Corp.,* 855 F.2d 178 (4th Cir. 1988); *Rushford v. New Yorker Mag., Inc.,* 846 F.2d 249, 252–54 (4th Cir. 1988)). Buzzfeed's intervention will not unduly delay or prejudice adjudication on the merits because the case has been settled. Intervention can be appropriate even after entry of a final judgment. *See Rushford*, 846 F.2d at 252. Accordingly, Buzzfeed's Motion to Intervene (ECF No. 53) is **GRANTED**.

B. Motion to Unseal

Buzzfeed's intervention is solely for the purpose of gaining access to three exhibits – sealed recordings evidencing abuse of Defendant's patient L.S. *See e.g.*, Buzzfeed's Mem. in Supp. of Mot. for Leave to Intervene, ECF No. 54.

The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (citing *Stone v. Univ. of Md. Med. Sys. Corp*, 855 F.2d 178, 180 (4th Cir. 1988)). But for any right of access to a document to exist under either of

these sources of law, the document must be a "judicial record." *In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) [hereinafter *In re Section 2703(D)*]. [T]he mere filing of a document with the court does not render the document [a] judicial [record]." *In re Pol'y Mgmt. Sys. Corp.*, 67 F.3d 296, 1995 WL 541623, at *4 (4th Cir. 1995) (unpublished table decision). "[D]ocuments filed with the court are "judicial records" if they play a role in the adjudicative process, or adjudicate substantive rights." *In re Section 2703(D),* 707 F.3d. at 290 (citing *Rushford,* 846 F.2d 249 and *In re Pol'y Mgmt. Sys. Corp,* 67 F.3d 296).

Defendant claims that, because the documents were withdrawn upon settlement of the case, and a summary judgment decision was never issued, they did not play a role in the adjudicatory process and are not judicial records. *See* Def.'s Notice of Settlement and Notice of Withdrawal of Pending Motion and Exhibits. Buzzfeed responds that the Fourth Circuit has long held that discovery documents filed in connection with a dispositive motion, such as a motion for summary judgment, are subject to rights of access *See* Buzzfeed's Reply at 3-6, ECF No. 62.

Here, of course, the Court did not issue a summary judgment opinion, because the case was settled. However, "discovery documents filed in connection with a dispositive motion, such as a motion for summary judgment, [are] subject to the right of access because 'summary judgment adjudicates substantive rights.'" *In re Section 2703(D)*, 707 F.3d at 290 (quoting *Rushford*, 846 F.2d at 252). Indeed, "[o]nce the documents are made part of a dispositive motion, such as a summary judgment motion, they lose their status as being raw fruits of discovery." *Rushford,* 846 F.2d at 252 (internal citation and quotation marks omitted). This is because "discovery, which is ordinarily conducted in private, stands on a wholly different footing than does a motion filed by a party seeking action by the court." *Id*. (citation omitted).

This remains true regardless of whether a settlement agreement is reached. *See Rushford*, 846 F.2d at 252 ("Once the documents *are made part of* a dispositive motion, such as a summary judgment, they lose their status of being raw fruits of discovery.") (internal citation and quotation marks omitted) (emphasis added); *Steele v. City of Burlington, Iowa*, 334 F. Supp. 3d 972, 978 (S.D. Iowa 2018) (noting that only a single federal Court of Appeals has found that a judicial decision is a prerequisite to judicial record status and that this finding is contrary to the trend in eight other federal circuits, including the Fourth, which "describe materials filed in support of or opposition to summary judgment as judicial records without caveating that judicial record status is conditioned on a decision of the Court). This Court agrees that "[t]he logic behind this principle is sound; if judgment by the Court was a precondition to judicial record status, numerous pleadings and other filings relating to merit-based motions would never be available for public scrutiny, leaving the general public in the dark about the core issues that drive a lawsuit." *Steele,* 334 F. Supp. 3d at 978.

Additionally, in *In Re Section 2703(D)*, the Fourth Circuit determined that the § 2703(D) motions were judicial records "because they were filed with the objective of obtaining judicial action or relief." 707 F.3d at 291. Similarly, here, the summary judgment motion and attached exhibits were filed with the objective of obtaining judicial relief. Though judicial relief was ultimately mooted by the settlement, the definition of "judicial records" is met. The assessment does not turn on whether summary judgment was granted, nor does Fourth Circuit precedent support defining judicial records in this way.

A finding that the exhibits are judicial records requires the Court to next determine whether the same fall under the ambit of the First Amendment right of access or its common law counterpart. The distinction between the rights of access afforded by the common law and the First

Amendment is 'significant,' because the common law 'does not afford as much substantive protection to the interests of the press and the public as does the First Amendment.'" *Id.* at 290. (internal citation omitted). It follows that "[w]hen presented with a sealing request," the Fourth Circuit Court of Appeals' "right-of-access jurisprudence requires that a district court first 'determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake.'" *Doe,* 749 F.3d at 266. Regarding these exhibits, the Fourth Circuit has "squarely held that the First Amendment right of access attaches to materials filed in connection with a summary judgment motion." *Id*. at 267 (citing *Rushford*, 846 F.2d at 252-53).

Under the First Amendment's elevated right of access, a district court may seal court documents "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone*, 855 F.2d at 180 (citing *Rushford,* 846 F.2d at 253)[1]. It follows logically enough that "[t]he burden to overcome a First Amendment right of access rests on the party seeking to restrict access." *Va. Dep't of State Police*, 386 F.3d at 575. Regardless of the source of the right to access judicial records, the right "may be abrogated only in unusual circumstances." *Stone*, 855 F.2d at 182. Whether these "unusual circumstances" exist in a particular case is a fact-based inquiry conducted in light of the "specific facts and circumstances" of the case at issue. *See Va. Dep't of State Police*, 386 F.3d at 579.

Here, Res-Care argues, by way of footnote, that the videos should remain sealed for the same reasons as initially raised. Def.'s Notice of Settlement and Notice of Withdrawal at 2 fn.1. However, these privacy concerns are significantly lessened because L.S.'s family supports the

---

[1] When cases involve nongovernmental civil litigants, courts sometimes substitute "higher value" for governmental interest." *See Morris v. Cumberland Cnty. Hosp. Sys., Inc*., No. 5:12-CV-629, 2013 WL 6116861, at *2 (E.D.N.C. Nov. 13, 2013).

Unsealing Request. *See* Buzzfeed's Mem. in Supp. of Mot. to Unseal at 1, ECF No. 56. Additionally, the sealed videos do not show Plaintiff's face, making her easily identifiable, or reveal medical information.

Res-Care's final claim is that Buzzfeed's only purpose is to "promote public scandal." But potential public scandal regarding Res-Care's treatment of patients entrusted to it is insufficient to overcome the First Amendment. *See Doe*, 749 F.3d at 269-270 ("Adjudicating claims that carry the potential for embarrassing or injurious revelations about a corporation's image, by contrast, are part of the day-to-day operations of federal courts. But whether in the context of products liability claims, securities litigation, employment matters, or consumer fraud cases, the public and press enjoy a presumptive right of access to civil proceedings and documents filed therein, notwithstanding the negative publicity those documents may shower upon a company. A corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records.") (internal citations omitted). Res-Care has not "present[ed] specific reasons in support of its positions," *Va. Dep't of State Police*, 386 F.3d at 575, nor does the Court find any. The recordings also bear on matters of public significance – namely the care and treatment of patients in residential care facilities. Nor is redaction a realistic alternative to sealing because all three exhibits are videos. Accordingly, Buzzfeed's Motion to Unseal (ECF No. 55) is **GRANTED.**

### III. CONCLUSION

For the foregoing reasons, Buzzfeed's Motion to Intervene (ECF No. 53) and Motion to Unseal (ECF No. 55) are **GRANTED**. The Court **ORDERS** that the documents filed as ECF Nos. 34-6, 34-7, and 34-9 be unsealed.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: April 1, 2022

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE